236 So.2d 749 (1970)
John Henry MORGAN
v.
Thomas COOK, Superintendent, Mississippi State Penitentiary.
No. 45876.
Supreme Court of Mississippi.
June 1, 1970.
*750 Alex B. Gates, Indianola, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
John Henry Morgan, appellant, filed a petition in the nature of a petition for writ of habeas corpus in the Circuit Court of Sunflower County. He asserted that he was being improperly held in the maximum security unit of the state penitentiary, and that his pleas of guilty to indictments for murder, attempted murder, stealing a car, kidnapping, and attempted kidnapping were involuntary and were not knowingly and intelligently made. The circuit court held separate hearings on each of these allegations, and denied the petition. We affirm.
None of appellant's constitutional rights are being violated by his incarceration in the maximum security unit in the state penitentiary. The superintendent of that institution is granted by statute exclusive management and control of the prison system. Miss.Code 1942 Ann. §§ 7930, 7932 (Supp. 1968). The courts will not interfere with prison rules and regulations unless the rules clearly deprive the prisoner of some fundamental constitutional right. The operation of a prison and the enforcement of its rules and regulations are ordinarily within the sound discretion of the prison administrator. Abernathy v. Cunningham, 393 F.2d 775 (4th Cir.1968); Cooper v. Pate, 382 F.2d 518 (7th Cir.1967); Childs v. Pegelow, 321 F.2d 487 (4th Cir.1963), cert. denied, 376 U.S. 932, 83 S.Ct. 702, 11 L.Ed.2d 652 (1964).
The decision of the superintendent in the instant case was reasonable. Appellant's record reflects a long history of violence and murder, of becoming a trusted inmate in other prisons and then escaping and performing other acts of violence. Moreover, the record does not reflect that appellant's right to practice his religion was infringed. He had full access to the minister of his denomination. There is no showing of inadequate medical attention.
The record amply supports the finding of the circuit court that appellant's guilty pleas were freely and voluntarily, knowingly and intelligently made. This record contains a transcript of the hearing in which Morgan plead guilty, including the judge's own detailed and careful interrogation of Morgan to determine the validity and effectiveness of his pleas. The proceedings fully comply with the Boykin rule. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Stewart v. State, 229 So.2d 53 (Miss. 1969); Alexander v. State, 226 So.2d 905 (Miss. 1969).
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.
RODGERS, Justice (specially concurring):
I concur in the results reached in this case. However, I must again point out that habeas corpus procedure, under the law of this state, is not a method of appeal from a judgment of the trial court and does not give this Court jurisdiction to review *751 the procedure in a previous trial. The writ does not lie to discharge a person convicted of an offense and who is suffering imprisonment under lawful judgment. See Section 2815, Mississippi Code 1942 Annotated (1956) and Section 2816, Mississippi Code 1942 Annotated (Supp. 1968).