ROBERTSON, Justice:
On August 2, 1970, in the Circuit Court of Washington County, appellant, Don Earl Hite, pleaded guilty to two charges of burglary and one charge of armed robbery. He was sentenced to serve five years in the State Penitentiary on each charge, the sentences to run consecutively.
On October 23, 1971, appellant petitioned for a writ of habeas corpus, and on December 16, 1971, a hearing was had on his petition. The Court dismissed the original and amended petitions and appellant appeals.
The bases of his petitions were that he had been confined in the maximum security unit rather than a regular cell, and that he had been punished on four different occasions while in the penitentiary. Appellant alleged that he was beaten on several occasions “without provocation” and that he had, on occasion, been placed in the “dark cell” and in the “strip cell.”
The Circuit Court was eminently correct in dismissing the original and amended petitions for writ of habeas corpus. Section 2815, Mississippi Code 1942 Annotated (1956), in part, provides:
“The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, . . . ”
We explained the limited function of the writ of habeas corpus in Smith v. State, 155 So.2d 494 (Miss.1963):
“In this state the writ of habeas corpus has a limited function; to inquire into the competency and jurisdiction of the tribunal and to determine whether or not it had jurisdiction to enter the judgment of conviction.” 155 So.2d at 495.
Appellant does not question the competency or the jurisdiction of the tribunal sentencing him. He questions the manner of confinement and the treatment he has received.
In Wetzel v. Wiggins, 226 Miss. 671, 84 So.2d 795, 85 So.2d 469 (1956), appeal dismissed, cert. denied, 352 U.S. 807, 77 S.Ct. 80, 1 L.Ed.2d 39, rehearing denied, 352 U.S. 919, 77 S.Ct. 217, 1 L.Ed.2d 125, we said:
“The law does not direct that appellant be confined in the wing of the maximum security cell block known as ‘condemned *888 row.’ The Court does not administer the penitentiary nor the county jails. If the appellant had any complaint as to the manner in which he is being confined, or the treatment he is receiving, his remedy is not habeas corpus and under no event would it entitle appellant to be released and escape the punishment the law has imposed upon him.” (Emphasis added). 226 Miss. at 681, 85 So.2d at 473.
While appellant is not asking to be released from the prison, he is asking, in effect, that the court take over the administration of the penitentiary and define the punishments that may be imposed for infractions of its rules and regulations. Even if we were inclined to enter that thicket, the legislature in its wisdom has placed the responsibility and duty of managing and administering the penitentiary system elsewhere.
In Morgan v. Thomas Cook, Superintendent, Mississippi State Penitentiary, 236 So.2d 749 (Miss.1970), appellant questioned, among other things, the manner and place of his confinement. He contended that he was being improperly held in the maximum security unit of the penitentiary. We found:
“None of appellant’s constitutional rights are being violated by his incarceration in the maximum security unit in the state penitentiary. The superintendent of that institution is granted by statute exclusive management and control of the prison system. Miss.Code 1942, Ann. §§ 7930, 7932 (Supp.1968). The courts will not interfere with prison rules and regulations unless the rules clearly deprive the prisoner of some fundamental constitutional right. The operation of a prison and the enforcement of its rules and regulations are ordinarily within the sound discretion of the prison administrator. Abernathy v. Cunningham, 393 F.2d 775 (4th Cir. 1968); Cooper v. Pate, 382 F.2d 518 (7th Cir. 1967); Childs v. Pegelow, 321 F.2d 487 (4th Cir. 1963), cert. denied, 376 U.S. 932, 83 S. Ct. 702, 11 L.Ed.2d 652 (1964).” (Emphasis added). 236 So.2d at 750.
From a careful reading of the record, it very clearly appears that, in each of the four instances complained of, Hite provoked the incident for which he was subsequently disciplined.
We agree with the trial court that the petitioner has wholly failed to sustain the burden of proof that he was punished without provocation. The judgment dismissing the original and amended petitions for writ of habeas corpus is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, BRADY and INZER, JJ., concur.