839 So.2d 605 (2003)
PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellant,
v.
Dorothy H. COBB, Appellee.
No. 2001-CC-01883-COA.
Court of Appeals of Mississippi.
March 11, 2003.
*606 Office of the Attorney General, by Mary Margaret Bowers, attorney for appellant.
Lance Laroy Stewart, Jackson, attorney for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
McMILLIN, C.J., for the court.
¶ 1. The Public Employees' Retirement System (PERS) appeals the judgment of the Hinds County Circuit Court reversing the order of the Board of Trustees of the Disability Appeals Committee and granting disability benefits to Dorothy Cobb. *607 PERS argues that the circuit court committed reversible error (1) by substituting its own judgment in place of the administrative agency's, and (2) by determining that Cobb presented substantial evidence of disability. We find these issues so interrelated that, in the final analysis, they present essentially one issue. We agree with the contention of PERS that the decision of the circuit court seems to be based upon nothing more than that court's own evaluation of the persuasiveness of the evidence indicating Cobb's claimed disability. We also conclude that there was substantial evidence in the record supporting the conclusion that Cobb was not totally disabled within the meaning of the applicable law. On that basis, we find ourselves compelled to reverse the judgment of the circuit court and reinstate the determination of the Board.

I.

Facts
¶ 2. Cobb was employed with the Mississippi Department of Rehabilitation Services as a counselor assistant until January 1, 1999, when she voluntarily ended her employment. Two months later, she submitted an application for disability retirement benefits.
¶ 3. The PERS Medical Board denied Cobb's request for disability retirement benefits, stating that there was no objective credible medical evidence to support Cobb's claim that she was permanently disabled. Cobb filed an appeal of that decision to the Appeals Committee.
¶ 4. Cobb testified before the Committee that over the past twenty years she has become increasingly sensitive to many different odors, including perfumes, cleaning agents, smoke and flowers. According to her testimony, this sensitivity routinely causes bouts of dizziness that have increased in severity since their onset twenty years ago to the point that she is fearful of falling down and injuring herself during the onset of the dizziness.
¶ 5. She conceded that her employer had provided her with a separate and odor-free work area, but said she still had to move about through other areas at her place of employment to properly perform her duties. This resulted in the continuation of her allergic attacks, some so severe that she was forced to leave work and go home to recover. Cobb said that she received two allergy shots a week to abbreviate her symptoms. She admitted that certain prescription drugs helped with her allergies but claimed that the side effects were so severe that they prevented her from performing her duties at work. Cobb provided the testimony of two sisters and a friend and neighbor who claimed to have observed the difficulties experienced by Cobb when exposed to scents that triggered these allergic attacks.
¶ 6. Cobb's medical records indicate that she suffers from basal ganglia disease and allergic rhinitis. Cobb presented treatment records of Dr. Jinna Shepherd; however, the Committee observed that these records contained only the doctor's impressions and no diagnosis or opinion regarding the effect of Cobb's medical problems on her ability to perform the normal duties of her job. Other records from treating physicians recounted the various symptoms complained of by Cobb but made no effort to assess their severity in terms of preventing Cobb from carrying out her work duties. One physician, Dr. Corbett, after reciting the various complaints and symptoms recounted by Cobb, indicated that he doubted Cobb actually had any serious underlying organic disease.
¶ 7. One brief report submitted by Dr. Frank Howell appears to indicate his view that Cobb was, in fact, disabled but that *608 conclusion is not supported by any specific medical findings or an analysis of the duties routinely performed by Cobb in her work together with an explanation as to how Cobb's condition prevented her from carrying out those duties. To the contrary, the extent of Dr. Howell's diagnosis was that Cobb suffered from chronic imbalance caused by basal ganglia disease with a poor prognosis for improvement, but, when the report requires the doctor to assess Cobb's abilities to drive a car, climb stairs, and walk short distances, he conceded her ability to do so "sometimes" without any further information.
¶ 8. The Committee found that the medical records indicated that medication and therapy could provide the necessary relief for Cobb from her complaints. Upon these findings, the Committee recommended to the Board of Trustees that there was insufficient evidence to support Cobb's allegation that she was permanently disabled from performing her position as counselor assistant with the Mississippi Department of Rehabilitative Services. The Committee's report correctly cited the applicable law when it said:
Disability has been defined in the statute [Miss.Code Ann. § 25-11-113 (Rev. 1999) ] as the incapacity to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the Public Employees' Retirement System that is actually offered and is within the same general territorial work area, without material reduction in compensation.
¶ 9. The Board of Trustees agreed with the Committee's recommendation and affirmed the medical board's decision to deny Cobb's request for permanent disability benefits. Cobb responded by appealing to the Hinds County Circuit Court. The circuit court reversed and remanded the judgment, stating that the Board's findings were not supported by substantial evidence. The court gave substantial emphasis in its analysis to Dr. Howell's medical evaluation report. Additionally, the court found persuasive on the question of disability the fact that the Social Security Administration had determined Cobb to be disabled under a definition of disability that was more stringent than that established by Section 25-11-113. Relying principally upon these two matters, and upon the court's unqualified acceptance of Cobb's testimony regarding the severity of her medical complaints, the circuit court found grounds to reverse the Board's findings.
¶ 10. In the subsequent appeal of that ruling to this Court, PERS asserts that the circuit court overstepped its authority and simply substituted its own judgment for that of the agency.

II.

Discussion
¶ 11. The circuit court overturned the Board's determination that Cobb was not eligible for disability retirement, stating:
The overwhelming weight of the evidence clearly shows that Cobb is disabled from performing not only her "usual" duties as Counselor Assistant, but any duties, which is a prerequisite for disability benefits under the PERS.... The fact that Appellant performed her duties as a Counselor Assistant in the past while suffering from her ailment, is not conclusive that she can still function in her normal capacity.
¶ 12. It is in this determination that we find error. Much of the testimony *609 concerning the severity of Cobb's alleged medical problems and sudden onsets of debilitating bouts of dizziness consisted of Cobb's own testimony and the lay testimony of friends and family. It is impossible to tie this lay testimony of remarkably severe attacks to any diagnosis or assessment by any of the numerous physicians who have treated Cobb during her prolonged history of allergy problems. The Committee, noting the absence of any medical evidence to support the proposition that Cobb's medical problems were of sufficient severity to prevent her from carrying out the normal duties of her employment, specifically found Cobb's unsubstantiated testimony to lack credibility. In administrative matters, the agency, and not the reviewing court, sits as finder of fact. Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293, 1296 (Miss.1990). That fact-finding duty includes assessing the credibility of witnesses and determining the proper weight to give to a particular witness's testimony. Walker Mfg. Co. v. Butler, 740 So.2d 315 (¶ 46) (Miss.Ct.App. 1998). A reviewing court is obligated to afford such determinations of credibility in the fact-finding process substantial deference when reviewing an administrative determination on appeal and the court exceeds its authority when it proceeds to reevaluate the evidence and makes its own determination of the trustworthiness of some particular testimony. Smith v. Jackson Const. Co., 607 So.2d 1119, 1123-24 (Miss.1992).
¶ 13. There are only limited reasons for which an appellate court may reverse a decision of an administrative agency. If the decision is supported by substantial evidence, appears neither arbitrary or capricious nor beyond the Board's authority, and is not found to be in violation of a constitutional or statutory right of the affected party, the court's obligation is to affirm. Pub. Employees' Ret. Sys. v. Dishmon, 797 So.2d 888(¶ 8) (Miss.2001). There is a rebuttable presumption in favor of the Board's decision, and it is the obligation of the appellant to convince the court to the contrary. Mississippi State Bd. of Pub. Accountancy Acting as Bd. and Trial Bd. v. Gray, 674 So.2d 1251, 1253 (Miss.1996).
¶ 14. When there is substantial credible evidence to support the Board's decision, neither the circuit court nor this Court may interfere. Smith, 607 So.2d. at 1124. However, where no evidence supports a decision, this Court will reverse. Id. The Mississippi Supreme Court has said that substantial evidence is "relevant evidence as reasonable minds might accept as adequate to support a conclusion." Pub. Employees' Ret. Sys. v. Marquez, 774 So.2d 421 (¶ 13) (Miss.2000) (citations omitted).
¶ 15. Cobb, as the applicant, had the burden of proof to show affirmatively her right to compensation. Thompson v. Wells-Lamont Corp., 362 So.2d 638, 641 (Miss.1978). It was not the obligation of her employing agency to affirmatively prove that she was, in fact, capable of performing her duties. In this situation, the concept of "substantial evidence" supporting an agency decision has the potential to be somewhat confusing since it is, in fact, the absence of credible evidence presented on behalf of the party having the burden of proof on the issue that compels the denial of relief.
¶ 16. The requirement of "substantial evidence" seems satisfied, however, in such instance by an appellate determination that the agency's conclusion that the claimant's evidence was so lacking or so unpersuasive that she failed to meet her burden appears a reasoned and unbiased evaluation of the evidence in the record. In that circumstance, in something of a paradox, *610 the lack of evidence at the agency level becomes the substantial evidence on appellate review that suggests the necessity of affirming the agency's determination. On that basis, we find that the record amply supports the Board's findings that Cobb failed to meet her burden of showing her eligibility for disability retirement.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND THE DECISION OF THE BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.