ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. Today’s case stems from the South Mississippi Correctional Institution’s (SMCI) decision to confiscate all inmates’ 16-ounce opaque drinking mugs, including one belonging to inmate Zachary Johnson. The decision was based on prison officials finding multiple inmates, other than Johnson, had altered the drinking mugs to conceal cell phones, cell phone parts, or drugs. The drinking mugs were deemed a security risk, classified as contraband, and confiscated from all SMCI inmates. On or about May 21, 2010, Johnson submitted a request for administrative remedy through the Mississippi Department of Corrections’s (MDOC) Administrative Remedy Program (ARP).
 
 [1]
 
 The ARP exists by virtue of the legislative enactment Mississippi Code Annotated sections 47-5-801 thru 47-5-807 (Rev. 2011) and the requirements of the Civil Rights of Institutional Persons Act codified in 42 U.S.C. §§ 1997-1997j (2006), and Department of Justice Minimum Standards for Inmate Grievance Procedures 28 C.F.R. § 40 (2011). Johnson requested he be reimbursed for the cost of his confiscated drinking mug or be provided a comparable clear drinking mug. His request was twice denied. After exhausting his administrative remedies and receiving notification that he was eligible for judicial review, Johnson filed a complaint in the Greene County Circuit Court alleging a constitutional violation. The State, on behalf of SMCI Superintendent Ronald King, responded to Johnson’s complaint with a motion to dismiss requesting dismissal because the complaint was legally and factually frivolous, or in the alternative, affirmance of the ARP’s decision. The circuit court affirmed the ARP’s decision denying Johnson’s request for a replacement drinking mug or reimbursement for the cost of the drinking mug. Johnson now appeals.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The essential facts are not disputed. After SMCI prison officials discovered several inmates using their 16-ounce, opaque, drinking mugs to conceal cell phone parts and drugs, these drinking mugs were determined to be a security threat and were confiscated from all SMCI inmates, includ
 
 *309
 
 ing Johnson. No evidence exists that Johnson had altered his drinking mug. The drinking mugs were originally authorized items sold in the SMCI canteen, and inmates used their own funds from their inmate account to purchase the drinking mugs. Johnson, feeling aggrieved by the confiscation of his drinking mug, filed a request on May 25, 2010, for administrative remedy through the MDOC’s ARP seeking a replacement, transparent 16-ounce drinking mug or reimbursement for the cost of the 16-ounce, opaque drinking mug that was confiscated. His first request was denied on July 19, 2010, stating the reason behind confiscating the drinking mugs was they were now considered a security issue. Johnson filed a second request through the ARP on July 22, 2010, reiterating his desire to have a replacement drinking mug or be reimbursed for the confiscated drinking mug. This request was reviewed by SMCI Superintendent King and again denied on the ground that the opaque, drinking mugs were confiscated for security reasons, but that the drinking mugs could be shipped home at the inmate’s expense. Johnson filed his third request on August 10, 2010. Shortly thereafter, on September 16, 2010, Johnson received a certificate informing him that he had exhausted the ARP and was eligible to proceed with his case in a court of competent jurisdiction.
 
 [2]
 
 Johnson did just that and filed a complaint in the circuit court on October 15, 2010. On January 24, 2011, the circuit judge entered an order affirming the ARP’s decision to deny Johnson’s requests finding that the ARP’s decision “was not arbitrary or capricious, was supported by substantial evidence, was not beyond [the] powers of the ARP, and was not in violation of the rights of [Johnson].”
 

 ¶ 3. On appeal, Johnson raises the issue of “whether [the] prison officials taking of prisoner[s’] property that was once sold [i]n the prison commissary without replacement or reimbursement violates the [United States Constitution] Due Process Clause and the [Mississippi Constitution Article] 3 [Section] 17[,] regardless if the value of [the] property may be or is considered de minimus[,] and does the replacement or reimbursement of same property to one prisoner and not to another or other [prisoners] violate the Federal and State constitutions^] equal protection clauses and/or statutes?”
 

 STANDARD OF REVIEW
 

 ¶ 4. When reviewing the decision of an administrative agency, “[w]e will not disturb the decision of an administrative agency, such as the MDOC, unless the decision is ‘unsupported by substantial evidence[,] arbitrary or capricious[,] beyond the agency’s scope or powers[,] or violative of the constitutional or statutory rights of the aggrieved party.’ ”
 
 Taylor v. Petrie,
 
 41 So.3d 724, 727 (¶ 8) (Miss.Ct.App.2010) (quoting
 
 Edwards v. Booker,
 
 796 So.2d 991, 994 (¶ 10) (Miss.2001)). Johnson’s case centers on his claim that his constitutional right to be free from a governmental taking of his private property without just compensation was violated.
 

 ANALYSIS
 

 ¶ 5. In his brief, Johnson makes a variety of arguments to support his contention that SMCI officials should either replace his confiscated, opaque, drinking mug with
 
 *310
 
 an acceptable, translucent, drinking mug or reimburse him for the cost of the confiscated, drinking mug. We find his argument persuasive. This case requires this Court to analyze to what extent an inmate in custody of the MDOC still enjoys the protections afforded all citizens; specifically, the protection which prohibits the government from taking personal property without just compensation found in Article 3, Section 17 of the Mississippi Constitution of 1890. For the reasons expressed in this opinion, we reverse and render this case.
 

 ¶ 6. The United States Constitution and the Mississippi Constitution provide certain rights and privileges to the citizens of Mississippi and limit the right of the government to encroach on these rights. It is elemental that these rights and privileges are afforded to every citizen; however, circumstances exists where these rights may be restricted. Inmates lawfully confined in a prison facility have many of their constitutional rights restricted or removed altogether; however, some of their constitutional rights remain fully intact while imprisoned. The issue of how an inmate’s status affects his constitutional rights have been addressed frequently by the judiciary. It has been well-documented that “prisons are not beyond the reach of the Constitution^]” and inmates must be accorded the constitutional rights that are not “fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration.”
 
 Hudson v. Palmer,
 
 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The primary issue often raised involves the Fourth Amendment’s prohibition against unreasonable searches and seizures in the context of prison administrators search of inmates’ cells and seizure of property within inmates’ cells. The Mississippi Supreme Court found that an inmate’s “cell is not a place where the occupant can expect privacy or a place where he can expect to be free from search and seizure unless accompanied by a warrant.”
 
 Robinson v. State,
 
 312 So.2d 15, 18 (Miss.1975).
 

 ¶ 7. At issue in the current case is whether the MDOC and SMCI can permanently deprive Johnson of his opaque, drinking mug without just compensation. In essence, Johnson is arguing that the MDOC’s and SMCI’s actions violated Article 3, Section 17 of the Mississippi Constitution of 1890 which states the following:
 

 Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.
 

 In Justice Sandra Day O’Connor’s concurring opinion in
 
 Hudson,
 
 she stated the following:
 

 That the Fourth Amendment does not protect a prisoner against indefinite dispossession does not mean that he is without constitutional redress for the deprivations that result. The Due Process and Takings Clauses of the Fifth and Fourteenth Amendments stand directly in opposition to state action intended to deprive people of their legally protected property interests.
 
 These constitutional protections against the deprivation of private property do not abate at the time of imprisonment.
 

 468 U.S. at 539, 104 S.Ct. 3194 (emphasis added). It is apparent from Justice O’Connor’s concurring opinion that an inmate’s rights under the Takings Clause are not abated upon imprisonment. In
 
 *311
 

 Cohea v. California Department of Corrections and Rehabilitation,
 
 No. CV 1-07-00469-SRB, slip op., 2009 WL 498289 at *5 (E.D.Cal. Feb.26, 2009) (citing
 
 Allen v. Wood,
 
 970 F.Supp. 824, 831 (E.D.Wash.1997)), the United States District Court for the Eastern District of California stated that “a prisoner property claim implicates the Fifth Amendment Takings Clause only where the prisoner alleges that prison officials took his personal property and converted it for public use. It is only then that a person is entitled to just compensation.”
 
 [3]
 
 The Mississippi Supreme Court has held that a question of public use is a judicial question.
 
 Pearl River Valley Water Supply Dist. v. Wood,
 
 248 Miss. 748, 759, 160 So.2d 917, 920 (Miss.1964).
 

 ¶ 8. The facts of the case before us are quite unusual. Johnson is serving a life sentence for committing murder and a consecutive fifteen-year sentence for aggravated assault all in Jones County.
 
 Johnson v. State,
 
 910 So.2d 1174, 1176 (¶ 1) (Miss.Ct.App.2005). It appears that Johnson is not eligible for parole pursuant to Mississippi Code Annotated section 47-7-3(1)(h) (Rev. 2011), which states “[n]o person shall be eligible for parole who is convicted ... after June 30,1995[.]”
 
 [4]
 
 The SMCI canteen sold Johnson his drinking mug. Johnson bought his drinking mug, using his own money from his inmate account, and at the time of purchase, the drinking mug was an authorized piece of personal property for an inmate to possess. Further, and important to note, the record does not contain any allegation that Johnson was using his drinking mug for any prohibited purpose. If proof exists that Johnson was responsible for altering an acceptable item to conceal contraband, then the MDOC and SMCI would be justified in confiscating the item without just compensation. The MDOC and SMCI did offer Johnson the opportunity to mail his drinking mug to his home at his own expense as an alternative; however, due to the life sentence he is serving, the confiscation of his drinking mug, even if shipped home, results in a permanent deprivation of his possessory rights. In Johnson’s case, an offer to ship the confiscated, drinking mug home rings hollow since he would still be deprived permanently of the use of his personal property. In
 
 City of Vicksburg v. Herman,
 
 72 Miss. 211, 16 So. 434, 435 (1894), the supreme court held that an individual is “entitled to due compensation for, not the taking only of his property for public use, but for all damages to his property that may result from works for public use. He is now secured in his property, and his use and enjoyment of his property.” Johnson is entitled to just compensation based on the MDOC and SMCI’s deprivation of his possessory right to his drinking mug. Further, we find the public use in this case lies in the MDOC’s and SMCI’s destruction or deprivation of the use of the drinking mug.
 

 ¶ 9. It is undisputed that MDOC and SMCI have the authority to declare items as contraband when the inmates’ possession of the items becomes a security issue or when an inmate alters a previously acceptable item into a contraband item. We do not seek to interfere with the MDOC’s management and control of its prison facilities. “The courts will not interfere with prison rules and regulations unless the rules clearly deprive the prison
 
 *312
 
 er of some fundamental constitutional right. The operation of a prison and the enforcement of its rules and regulations are ordinarily within the sound discretion of the prison administrator.”
 
 Morgan v. Cook,
 
 236 So.2d 749, 750 (Miss.1970) (citations omitted). We are compelled to conclude that the MDOC’s action in this case did violate Johnson’s constitutional right under the Mississippi Constitution.
 

 ¶ 10. We find the MDOC’s decision to deny Johnson relief was violative of Johnson’s constitutional rights. Under these unusual facts presented, there has been an unlawful taking for public use without just compensation. Therefore, we reverse and render this case. The MDOC or SMCI shall either provide Johnson a translucent, 16-ounce, drinking mug comparable to the one seized or restore the funds to Johnson’s inmate account for the amount of the confiscated, drinking mug Johnson had originally purchased.
 

 ¶11. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., NOT PARTICIPATING.
 

 [1]
 

 . Details concerning the operation and administration of the ARP may be found in the MDOC Inmate Handbook published on the MDOC Web site.
 

 [2]
 

 . The record does not contain a response from SMCI or MDOC regarding Johnson’s third request to the ARP. The record does provide a document informing Johnson of changes to the ARP process in which the United States District Court of the Northern District of Mississippi entered an order dated September 16, 2010, reducing the ARP process from three steps to two steps.
 

 [3]
 

 . In
 
 Cohea,
 
 the district court found that Danny Cohea failed to provide facts to support that his property was taken for public use; therefore, he failed to state a claim under the Takings Clause. 2009 WL 498289 at *5.
 

 [4]
 

 . Mississippi Code Annotated section 47-7-3 provides exceptions to when a person may be eligible for parole; however, none of these exceptions are applicable in the current case.