# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01754-COA

**WENDELL DUNCAN A/K/A WENDELL A. DUNCAN**      **APPELLANT**

**v.**

**CAPT. BONNER, CAPT. R. SPANN, DEPUTY WARDEN JOANN SHIVERS, RONALD KING AND RICHARD PENNINGTON**      **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/13/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WENDELL DUNCAN (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/26/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., GREENLEE AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Wendell Duncan appeals from the dismissal of his complaint by Rankin County Circuit Court regarding the alleged confiscation of property during his confinement in lock-down. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On November 30, 1994, Duncan was convicted of conspiracy to commit burglary of a business pursuant to Mississippi Code Annotated section 97-1-1(Rev. 1994) and burglary of a business pursuant to Mississippi Code Annotated section 97-17-33 (Rev. 1994). Duncan

was sentenced as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 1994) to serve five years for the conspiracy conviction and seven years for the burglary conviction in the custody of the Mississippi Department of Corrections (MDOC). Both sentences were ordered to run consecutively, for a total of twelve years to serve. In 1995, Duncan was convicted of armed robbery and sentenced to serve thirty years in the custody of the MDOC, with the sentence ordered to run consecutively to the previously imposed sentences.[1]

¶3.     Duncan filed his first motion for post-conviction collateral relief (PCR) in 1996, which the Washington County Circuit Court denied. The Mississippi Supreme Court affirmed this judgment in 1998. In 2005, Duncan began filing numerous motions and other documents in both the Washington County Circuit Court and the Mississippi Supreme Court. These motions included motions for "de novo review," motions for writ of mandamus, motions to compel, and motions to reconsider. All motions were denied, and the supreme court ultimately sanctioned Duncan for the frivolous filings and barred him from filing any further documents until the sanctions were paid. Order, *Duncan v. State*, No. 2005-M-01603 (Miss. Oct. 12, 2006). On January 3, 2008, Duncan filed a motion in the Washington County Circuit Court to "vacate" his conviction and sentence for the conspiracy and burglary. The circuit court treated that motion as Duncan's second PCR motion and dismissed it as time-

---

[1] The record is unclear as to the facts surrounding Duncan's 1995 conviction for armed robbery after having been sentenced in 1994 to serve twelve years in the custody of the MDOC.

2

barred and successive-writ barred. This Court affirmed the circuit court's dismissal in *Duncan v. State*, 28 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2009).

¶4. On January 19, 2011, the Mississippi Supreme Court dismissed Duncan's application for leave to proceed in the trial court pursuant to Mississippi Code Annotated section 99-39-7 (Supp. 2009), after finding that Duncan had failed to directly appeal his convictions. Nonetheless, Duncan filed a motion in the circuit court to correct his sentence, which the circuit court treated as Duncan's third PCR motion and dismissed as successive-writ barred. This Court affirmed the circuit court's dismissal of his PCR motion in *Duncan v. State*, 100 So. 3d 996, 999 (¶13) (Miss. Ct. App. 2012). Duncan filed a fourth PCR motion, which was again dismissed by the circuit court on July 9, 2013. This Court affirmed the circuit court's dismissal in *Duncan v. State*, 170 So. 3d 579, 582 (¶11) (Miss. Ct. App. 2014), finding that the fourth PCR motion was both time-barred and successive-writ barred. Duncan filed a fifth PCR motion in November, 2015, which the circuit court dismissed as both time-barred and successive-writ barred. This Court affirmed the circuit court's dismissal in *Duncan v. State*, 226 So. 3d 127, 130 (¶13) (Miss. Ct. App. 2017). In addition to these five PCR motions, Duncan has filed no less than thirteen separate court actions and 174 complaints through the MDOC's administrative remedy program (ARP).

¶5. On November 29, 2014, Duncan was placed in lock-down.[2] At the time that Duncan was placed in lock-down, he claims that the guards confiscated an Energizer battery charger,

---

[2] It is not clear from the record why Duncan was placed in lock-down.

a Sony radio, five other radios, and two fans. He claims that these items were not returned to him upon his release from lock-down on December 2, 2014.[3] Duncan filed an ARP request on December 29, 2014. The response by Deputy Warden Joann Shivers to Duncan's request stated, "Be advised that I have received your complaint. You failed to provide a receipt proving the confiscated items belonged to you. Additionally, there is nothing on file indicating you purchased said property. Therefore, your request to have the confiscated property returned to you is denied." Because Duncan failed to respond to Warden Shivers's response, Duncan's complaint was dismissed and received by Duncan on January 22, 2016. On January 27, 2016, Duncan filed a complaint in the circuit court, arguing a denial of due process by virtue of an alleged procedural violation of the MDOC's ARP. Further, Duncan argues that his federal and state constitutional rights were violated under the Fifth and Fourteenth Amendments and under Article 3, Section 17 of the Mississippi Constitution. Specifically, Duncan claims that his property was confiscated upon a transfer to lock-down and not returned to him upon release from lock-down. The circuit court dismissed the

---

[3] There is no proof in the record as to what items were actually taken from Duncan on November 29, 2014, other than a grainy picture of presumably a radio and battery and a supplemental picture that Duncan improperly attached to his brief. Further Duncan asserts in his reply brief that the fans have been returned to him since the filing of his complaint. There is no proof other than Duncan's statement that the fans existed or were returned. Finally, the record reflects that the confiscation of a radio and battery was previously addressed and disposed of by the MDOC in 2010 through the ARP. There is no proof in the record whether or not the radio or battery was returned to Duncan as a result of the 2010 ARP. Duncan claims that the radio and battery were returned to him in 2010 and that those items were again confiscated in the alleged taking in 2014. The State claims that the radio and battery were confiscated in 2010 through the ARP and not returned.

4

motion. Duncan now appeals from the dismissal of his complaint.

## STANDARD OF REVIEW

¶6.    "The Court will not disturb a decision of an administrative agency, like the Department [of Corrections], unless the decision is unsupported by substantial evidence, is arbitrary or capricious, is beyond the agency's scope or powers, or is a violation of the party's constitutional rights." *Thomas v. Miss. Dep't of Corr.*, 248 So. 3d 786, 789 (¶8) (Miss. 2018). "In administrative matters, the agency, and not the reviewing court, sits as the finder of fact." *Ross v. State*, 286 So. 3d 673, 676 (¶5) (Miss. Ct. App. 2019) (quoting *Pub. Emps.' Ret. Sys. v. Cobb*, 839 So. 2d 605, 609 (¶12) (Miss. Ct. App. 2003)). "The reviewing court may not substitute its judgment for that of the administrative agency, or re-weigh the evidence." *Id*. The rebuttable presumption favors the final result reached by the agency and it is the burden of the challenging party to prove otherwise. *Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006) (citing *State Bd. of Pub. Accountancy v. Gray*, 674 So. 2d 1251, 253 (Miss. 1996)).

## ANALYSIS

¶7.    On December 30, 2014 Duncan put in an ARP request with the MDOC concerning a confiscation-of-property issue. In his request, Duncan claimed that an Energizer battery charger, a Sony radio, five other radios, and two fans along with "other property, I can't remember what all," were confiscated on November 29, 2014, when he was placed in lock-

5

down.[4] He also alleges that the property, some of which he remembers and some of which he does not, was not returned to him after being released from lock-down on December 2, 2014. Specifically, Duncan argues that his right to due process was violated because he never received a response from his 2014 ARP request until he received the second-step response form, which found no merit in his claim, disposed of the complaint, and ultimately closed the matter on January 22, 2016.

¶8. The record reflects that the MDOC sent a letter to Duncan on March 11, 2016, explaining that his ARP request had been expedited to the second step of the administrative remedy process because the first step response was not completed and returned by Duncan in a timely manner. As a result of Duncan's non-compliance, the second step was finalized and forwarded to Duncan, not once, but twice, to his housing location at the South Mississippi Correctional Institution (SMCI). The complaint was ultimately denied for the reason that Duncan failed to provide a receipt proving that the confiscated items belonged to him and because there was nothing in the file indicating that he had purchased the property.

¶9. Duncan presents no evidence to suggest that the MDOC's standard procedures were

---

[4] Although Duncan improperly attached to his appellate brief an MDOC log entry from 2010 and a photograph concerning certain property, that entry was not presented to the trial court. The appellate record reflects that the confiscation of a radio and battery (shown in the picture) was previously addressed and disposed of by the MDOC in 2010 through the ARP. Duncan also alleges that he received property back from Warden Bart Grimes regarding his 2010 complaint and that therefore these items are now the subject of this alleged taking as well.

6

not followed or that the information within the denial of his request was arbitrary or capricious. In fact, it was Duncan's non-compliance with step one of the process that triggered the final disposition of his complaint from which he is now appealing.

¶10.    Duncan relies on *Johnson v. King*, 85 So. 3d 307 (Miss. Ct. App. 2012), in his brief to further his constitutional argument that the confiscation of his property is considered a taking without due compensation. In *Johnson*, this court considered whether the taking of a prisoner's property without replacement or reimbursement violates the federal Due Process Clause or Article 3, Section 17 of the Mississippi Constitution. *Johnson*, 85 So. 3d at 310. Johnson was in possession of a certain sixteen-ounce, opaque drinking mug that was authorized to be sold in the SMCI canteen, and because the mugs were being used to conceal cell phone parts and drugs by some inmates, the mugs were confiscated from all inmates housed in the facility. *Id*. In *Johnson*, this court held that "[i]t is undisputed that MDOC and SMCI have the authority to declare items as contraband when the inmates' possession of the items becomes a security issue or when an inmate alters a previously acceptable item into a contraband item. We do not seek to interfere with the MDOC's management and control of its prison facilities." *Id*. at 311 (¶9). The record reflects Duncan could not provide a receipt proving that any of the confiscated items belonged to him, and there was nothing on file that indicated that he purchased any of the confiscated property from the canteen. Unlike Johnson, Duncan illegally possessed the items for which he is now requesting compensation. After review, we find that the MDOC's final decision was supported by substantial evidence,

7

was within its power as an administrative agency, was not arbitrary or capricious, and did not violate any statutory or constitutional right afforded or guaranteed to Duncan. Therefore, the circuit court's judgment is affirmed.

## SANCTIONS

¶11. Duncan is no stranger to the appellate process, as evidenced by the recitation of the procedural history. Additionally, the supreme court has sanctioned Duncan for his prior frivolous filings. Mississippi Rule of Appellate Procedure Rule 38 states that "[i]n a civil case if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee." Not only do we find that this case was frivolous, Duncan was allowed to proceed in forma pauperis (IFP) despite his ineligibility to do so. Mississippi Code Annotated section 47-5-76 (Rev. 2015) provides:

> (1) Except as provided in subsection (2) of this section, if an inmate plaintiff files a pauper's affidavit in a civil action and the defendant is an employee of the department and the civil action pertains to the inmate's condition of confinement, the department shall pay, out of any funds available for such purpose, all costs of court assessed against the inmate in the civil action. However, the department shall not pay the costs of court if the inmate has on three (3) or more prior occasions, while incarcerated, brought an action *or appeal* that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.

> An inmate shall not bring a civil action *or appeal* a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on a grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger or serious physical injury.

> (2) An inmate who proceeds in forma pauperis in a civil action shall pay

8

twenty percent (20%) per month of the funds in his or her inmate account to the Department of corrections until all filing fees and costs of his or her litigation are paid to the department. The department may withdraw such funds automatically from the account of any inmate permitted a civil filing as a pauper. If an inmate is allowed an appeal in forma pauperis of a civil action, the inmate shall reimburse all costs and fees to the department by automatic withdrawal each month in the amount of twenty percent (20%) of his or her funds until all state funds are reimbursed.

(Emphasis added). Duncan should not have been allowed to file his complaint as an IFP litigant. Accordingly, we find it appropriate to assess costs of this appeal to the Appellant to be withdrawn from Duncan's inmate account in accordance with the statute. *Id*. Duncan's own pleadings indicate that he is claiming a due process violation for property the MDOC allegedly took from him but that he does not remember what the property was. He does remember that it included a battery charger, which was the subject of another court action in 2010 and also was dismissed. In this case, given Duncan's history with filing frivolous, unsupported motions and complaints, we find it is appropriate to impose additional sanctions in the amount of $250.00 to be deducted and paid when and if his inmate account has that amount.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

9