LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On November 30, 1994, Wendell Duncan was convicted by a jury in the Washington County Circuit Court of conspiracy and burglary of a business. Duncan was sentenced to serve five years for the conspiracy count and seven years for the burglary-of-a-business count. The sentences were ordered to run consecutively for a total of twelve years and to be served in the custody of the Mississippi Department of Corrections (MDOC). Duncan was also convicted of armed robbery and sentenced to serve thirty years in the custody of the MDOC. Duncan filed his first motion for post-conviction relief in early 1996. On July 29, 1996, the trial court dismissed Duncan’s motion for post-conviction relief. The trial court’s judgment was affirmed by the Mississippi Supreme Court on June 11, 1998. The opinion’s supreme court docket number is 96-CA-01017-SCT, but the opinion is listed as not designated for publication.
 

 ¶ 2. Beginning in early 2005, Duncan began filing numerous motions and other documents with both the trial court and the supreme court. These motions included motions for “de novo review,” motions for writ of mandamus, motions to compel, and motions to reconsider. At one point, the supreme court sanctioned Duncan for frivolous filings.
 

 ¶ 3. On January 3, 2008, Duncan filed a motion to vacate his convictions and sentences. The trial court dismissed Duncan’s motion for relief, which it treated as a motion for post-conviction relief, as time-barred and successive-writ barred. Duncan now appeals, asserting that he was innocent of the crimes charged. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 5. Duncan argues that his twelve-year sentence for conspiracy and burglary of a business was unlawful. However, it appears that Duncan filed his second motion for post-conviction relief on January 3, 2008, well after his twelve-year sentence had been served.
 

 
 *667
 
 ¶6. Regardless of the time bar, under Mississippi Code Annotated section 99-39-23(6) (Supp.2008), successive petitions are barred if the prisoner has filed a previous post-conviction-relief motion. However, section 99-39-23(6) lists several exceptions to overcome the successive-writ bar. Duncan’s first motion for post-conviction relief was filed in early 1996, and it was found by the supreme court, on appeal, to be without merit. Duncan’s second motion for post-conviction relief was filed on January 3, 2008; thus, it was a successive writ. Furthermore, Duncan has failed to point to any exception to overcome the successive-writ bar. This issue is without merit.
 

 ¶7. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
 

 MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. KING, C.J., AND CARLTON, J„ NOT PARTICIPATING.