CARLTON, J.,
for the Court:
¶ 1. Wendall Duncan appeals the dismissal of his motion for post-conviction relief (PCR) by the Washington County Circuit Court. Finding no error, we affirm.
FACTS
¶ 2. On November 30, 1994, a Washington County jury convicted Duncan of conspiracy and burglary of a business in the Washington County Circuit Court. Duncan was sentenced as an habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2007) to serve five years for the conspiracy count and seven years for the burglary-of-a-business count. The sentences were ordered to run consecutively for a total of twelve years to be served in the custody of the Mississippi Department of Corrections (MDOC). Duncan failed to file a direct appeal after his 1994 conviction and sentence.
¶ 3. Duncan was also later convicted of armed robbery in March 1995. The record contains excerpts from Duncan’s 1995 sentencing hearing for his conviction of armed robbery, and the transcript refers to two prior convictions listed on the 1995 armed-robbery indictment — shooting into an occupied dwelling and aggravated assault. These prior convictions were used to indict Duncan as a habitual offender. At the conclusion of the sentencing hearing, the circuit judge agreed that the State had failed to establish that Duncan’s two prior convictions arose out of separate incidents at different times. After noting the State’s failure to prove habitual-offender status for Duncan, the circuit judge then sentenced Duncan as a non-habitual offender to thirty years in the custody of the MDOC, with the sentence to run consecutively to the previously imposed sentence as a habitual offender of twelve years for *998 Duncan’s burglary and conspiracy convictions.
¶ 4. Duncan filed his first motion for PCR challenging his conspiracy and burglary-of-a-business convictions in early 1996. On July 29, 1996, the circuit court dismissed Duncan’s motion for PCR. The Mississippi Supreme Court affirmed the circuit court’s judgment on June 11, 1998.[1]
¶ 5. Beginning in early 2005, Duncan began filing numerous motions and other documents with both the trial court and the supreme court. These motions included motions for “de novo review,” motions for writ of mandamus, motions to compel, and motions to reconsider. At one point, the supreme court sanctioned Duncan for frivolous filings, barring Duncan from filing anything in the supreme court until he has paid the sanctions already imposed.
¶ 6. On January 3, 2008, Duncan filed a motion to vacate his convictions and sentences. The trial court dismissed Duncan’s motion for relief, which the court treated as a motion for PCR, as time-barred and successive-writ barred. On appeal, this Court affirmed the trial court’s dismissal of Duncan’s motion for PCR. Duncan v. State, 28 So.3d 665, 667 (¶¶ 6-7) (Miss.Ct.App.2009).
¶ 7. On January 19, 2011, the Mississippi Supreme Court dismissed Duncan’s motion for leave to proceed in the trial court pursuant to Mississippi Code Annotated section 99-39-7 (Supp.2011), after finding that Duncan had failed to file a direct appeal of his convictions and sentence. Nonetheless, Duncan filed a motion to correct sentence in the circuit court, which the circuit judge treated as a motion for PCR. The circuit judge dismissed Duncan’s motion for PCR as successive-writ barred. Duncan now appeals.
STANDARD OF REVIEW
¶ 8. A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶2) (Miss.Ct.App.2004). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
¶ 9. Duncan argues that his twelve-year sentence as a habitual offender for conspiracy and burglary of a business was unlawful, and he asks this Court to reverse his sentence and remand this case back to the trial court for resentencing.
¶ 10. The record reflects that the circuit judge denied Duncan’s third motion for PCR after finding that the motion constituted a successive writ. Mississippi Code Annotated section 99-39-23(6) (Supp. 2011) states that successive petitions are barred if the prisoner has filed a previous motion for PCR. In Duncan, 28 So.3d at 667 (¶¶ 6-7), this Court affirmed the circuit judge’s denial of Duncan’s second motion for PCR as successive-writ barred. This Court found that Duncan had failed to point to any exception under section 99-39-23(6) to overcome the successive-writ bar. Therefore, we again concur with the circuit judge’s finding that Duncan’s third motion for PCR, where he seeks to vacate the same convictions and sentence as in his two previous motions for PCR, constitutes a procedurally-barred successive writ.[2]
*999 ¶ 11. In addition to the successive-writ bar, this Court previously held that Duncan’s previous motion for PCR was also time-barred, finding “[I]t appears that Duncan filed his second motion for post-conviction relief on January 3, 2008, well after his twelve-year sentence had been served.” Duncan, 28 So.3d at 666 (¶ 5); see also Miss.Code Ann. § 99-39-5(2) (Supp.2011). Accordingly, we find that the present motion for PCR is also time-barred.
¶ 12. Because Duncan’s claims are time-barred and successive-writ barred, we find no error in the circuit court’s dismissal of his motion for PCR. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. The opinion's supreme court docket number is 96-CA-01017-SCT, but the opinion is listed as not designated for publication. See Duncan v. State, 28 So.3d 665, 666 (¶ 1) (Miss.Ct.App.2009).

. We note that the record reflects that the Mississippi Supreme Court denied permission *999 for Duncan to file this successive motion for PCR.