MAXWELL, J.,
for the Court:
¶ 1. Demetric Ratcliff waited nearly a decade before seeking post-conviction relief (PCR) from his 2003 guilty plea to selling cocaine. In 2012, he claimed for the first time that his indictment was defective and that a conflict of interest existed because the presiding judge, while previously serving as an assistant district attorney, had signed Ratcliffs indictment. After review, we find Ratcliffs failure to timely raise these challenges within three years, as mandated by statute, resulted in them being properly time-barred by the circuit judge.
¶ 2. And even had he not procedurally defaulted, we find his indictment was not defective for charging that he “wilfully” instead of “knowingly” sold cocaine, since both terms carry the same meaning. Further, Ratcliff explicitly waived, on the record, any potential conflict he may have had involving the former prosecutor presiding as judge in his case. We therefore affirm.
Facts and Procedural History
¶ 3. In 2001, a grand jury indicted Rat-cliff for sale of cocaine. The indictment was signed by the assistant district attor *120 ney at the time, Robert Helfrich, who later became circuit judge. On August 25, 2003, Ratcliff — after expressly waiving a potential conflict of interest regarding Helfrich presiding as judge in his case — pled guilty to selling cocaine. He was sentenced to serve fifteen years.
1f 4. But almost nine years later, on May 18, 2012, Ratcliff filed a PCR motion. Ratcliff sought to vacate his conviction and sentence, urging his indictment was defective and that Judge Helfrich should not have handled his guilty plea. On December 10, 2012, Judge Helfrich entered an order summarily dismissing Ratcliffs PCR motion as time-barred. Ratcliff appealed.
Standard of Review
If 5. “We review the dismissal of a PCR motion under an abuse-of-discretion standard.” Williams v. State, 110 So.3d 840, 842 (¶ 11) (Miss.Ct.App.2013). Reversal is proper only “if the circuit court’s decision was clearly erroneous.” Id. “We review questions of law de novo.” Id.
Discussion

I. Time-Bar

¶ 6. Ratcliff first insists the circuit court erred in summarily dismissing his PCR motion as untimely. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), when a defendant enters a guilty plea, a PCR motion must be filed within three years of entry of the judgment of conviction. See Miss.Code Ann. § 99-39-5(2) (Supp.2013). Ratcliff pled guilty on August 25, 2003, and the court entered the judgment of conviction on August 28, 2003. So Ratcliff had three years from that date to file a PCR motion. Because he waited until May 18, 2012 — almost nine years after his judgment of conviction was entered — to seek PCR review, his motion was properly dismissed as time-barred.
¶ 7. Ratcliff is correct that “errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.” Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010). But his “mere assertion of a constitutional right violation” does not trigger the exception. Wicker v. State, 16 So.3d 706, 708 (¶ 5) (Miss.Ct.App.2009). To the extent he seeks to circumvent the time-bar based on his challenge to the indictment and his conflict claim, we find neither of these claims are viable. So his PCR challenge remains time-barred.

II. The Indictment

¶ 8. Still, we briefly touch on Ratcliffs substantive arguments. His first is that his indictment was defective, because it charged he “willfully,” instead of “knowingly,” sold cocaine. As support, he cites Mississippi Code Annotated section 41-29-139(a)(1) (Rev.2013), which makes it “unlawful for any person knowingly or intentionally ... [t]o sell ... a controlled substance[.]” (Emphasis added).
¶ 9. The indictment alleged that on September 6, 2000, Ratcliff “[d]id unlawfully, wilfully[,] and feloniously, without authority of law, deliver and sell ... 30.8 grams of [cjocaine, a Schedule II controlled substance,” to an officer for $1,200. (Emphasis added). While the term knowingly was not used, our supreme court has emphasized that “it is inconceivable that an act willfully done is not also knowingly done.” Moore v. State, 676 So.2d 244, 246 (Miss.1996) (emphasis added) (quoting Ousley v. State, 154 Miss. 451, 122 So. 731, 732 (1929)). “Stated differently, ‘willfully’ means ‘knowingly.’ ” Id.; see also Boyd v. State, 977 So.2d 329, 335 (¶ 22) (Miss.2008) (holding that “[a]n act ‘willfully’ done is an act ‘knowingly’ and ‘intentionally’ done”). Essentially, “ ‘wilful’ means nothing more *121 than doing an act intentionally.” Moore, 676 So.2d at 246.
¶ 10. More recently, we found no deficiency in an indictment that charged the defendant had “ ‘wilfully, unlawfully, and feloniously’ committed the offense,” because it was “in substancef ] the same as an allegation that the act was ‘knowingly or intelligently’ committed.” Hamilton v. State, 44 So.3d 1060, 1064-65 (¶ 10) (Miss.Ct.App.2010). Because Ratcliffs indictment alleged that he had “unlawfully, wil-fully[,] and feloniously” sold cocaine, we find the drug-sale offense was sufficiently pled.

III. Alleged Conflict

¶ 11. Ratcliffs other assertion is that Judge Helfrich, who had signed his indictment as a prosecutor, was prohibited from later presiding over Ratcliffs 2003 guilty plea and subsequent collateral challenge to the plea. As Ratcliff now sees it, Judge Helfrich should have recused himself. But this recent allegation is rebuffed by the record of Ratcliffs plea hearing.
¶ 12. Indeed, Judge Helfrich was very much up front with Ratcliff, noting “there could be some appearance of impropriety or some conflict if I was prosecutor at the time of this event and now I’m sitting as the judge taking this plea. If you would like, I will recuse myself and ask the Mississippi Supreme Court to appoint another judge to hear your case.” The judge advised Ratcliff he could “discuss this with [his] attorney” and could “waive any potential conflict and we will go forward.” Rat-cliffs attorney represented that Ratcliff “understands that, Your Honor, and he has no problem and he understands you’ll be the judge and he’s waived it and reaffirms that.” To be sure, Judge Helfrich asked Ratcliff, “And that’s your decision, correct?” And Ratcliff responded, “Yes, sir.”
¶ 13. We find this sort of conflict of interest was waivable and indeed was expressly waived by Ratcliff. Under Mississippi Code Annotated section 9-1-11 (Rev.2002):
The judge of a court shall not preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, or wherein he may have been of counsel, except by the consent of the judge and of the parties.
(Emphasis added). See also Holmes v. State, 966 So.2d 858, 860-61 (¶ 8) (Miss.Ct.App.2007) (citing Miss.Code Ann. § 9-1-11) (“As with constitutional disqualification, a judge may preside despite statutory disqualification if the judge and parties consent.”).
¶ 14. After review, it is clear Ratcliff knowingly and voluntarily waived any conflict involving Judge Helfrich presiding over his plea hearing, which is permitted by section 9-1-11. While Ratcliff also insists the judge should not have handled his PCR motion, Ratcliff neither withdrew consent nor asked Judge Helfrich to recuse. Because Smith failed to raise re-cusal in his PCR motion, it was not before the circuit judge, and is proeedurally barred from our review. See Bell v. State, 117 So.3d 661, 663 n. 1 (Miss.Ct.App.2013) (citing Hamilton, 44 So.3d at 1065 (¶ 15)). Furthermore, the nine-year-old claim was time-barred with no exception applicable; thus, no decision other than dismissal could have been reached. We affirm.
¶ 15. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
*122 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.