## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01487-COA

WENDELL DUNCAN A/K/A WENDELL AVERY          APPELLANT
DUNCAN

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/09/2013 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WENDELL DUNCAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 11/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Wendall Duncan appeals, for the fourth time, the dismissal of his motion for post-conviction relief (PCR) by the Washington County Circuit Court. Finding no error, we affirm.

FACTS

¶2.     The underlying facts leading up to Duncan's conviction and denial of the first three PCR motions have not changed. On November 30, 1994, a Washington County jury convicted Duncan of conspiracy to commit burglary of a business and burglary of a business.

Duncan was sentenced, as an habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007), to serve five years in the custody of the Mississippi Department of Corrections (MDOC) for the conspiracy count and seven years for the burglary-of-a-business count. The sentences were set to run consecutively, for a total of twelve years in the custody of the MDOC. Duncan failed to file a direct appeal after his 1994 conviction and sentence.

¶3. Duncan was later convicted of armed robbery in March 1995. At the conclusion of that sentencing hearing, the circuit court found that the State had failed to establish that Duncan's two prior convictions arose out of separate incidents at different times. The circuit court then sentenced Duncan, as a non-habitual offender, to thirty years in the custody of the MDOC, to run consecutively to the previously imposed sentence for Duncan's burglary-of-a-business and conspiracy convictions.

¶4. Duncan filed his first motion for PCR challenging his conspiracy and burglary convictions in early 1996. On July 29, 1996, the circuit court dismissed Duncan's PCR motion. The Mississippi Supreme Court affirmed the circuit court's judgment on June 11, 1998. On January 3, 2008, Duncan filed a motion to vacate the convictions of conspiracy to commit burglary of a business and burglary of a business. The circuit court dismissed that motion, which the court treated as a motion for PCR, as time-barred and successive-writ barred. On appeal, this court affirmed the trial court's dismissal of Duncan's motion for PCR. *Duncan v. State*, 28 So. 3d 665, 667 (¶¶6-7) (Miss. Ct. App. 2009).

¶5. On January 19, 2011, the Mississippi Supreme Court dismissed Duncan's motion for leave to proceed in the trial court pursuant to Mississippi Code Annotated section 99-39-7

(Supp. 2014), after finding that Duncan had failed to file a direct appeal of his conspiracy-to-commit-burglary and burglary-of-a-business convictions and sentences. Nonetheless, Duncan filed a motion to correct his sentence in the circuit court, which the circuit court treated as a PCR motion and dismissed as successive-writ barred. This court again affirmed the circuit court's dismissal and again acknowledged that the PCR motion was time-barred and successive-writ barred. *Duncan v. State*, 100 So. 3d 996 (Miss. Ct. App. 2012).

¶6. On July 9, 2013, the circuit court dismissed, for the fourth time, a PCR motion filed by Duncan. This appeal arises from the circuit court's denial of Duncan's fourth PCR motion targeting his twelve-year sentence for conspiracy and burglary imposed in 1994.

DISCUSSION

¶7. "A trial court's dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. However, when issues of law are raised, the proper standard of review is de novo." *Duncan v. State,* 28 So. 3d 665, 666 (¶4) (Miss. Ct. App. 2009) (internal citations omitted).

¶8. Duncan argues that his twelve-year sentence, as an habitual offender, for conspiracy and burglary of a business was unlawful, and he asks this court to reverse his sentence and remand this case back to the trial court for re-sentencing.

¶9. Mississippi Code Annotated section 99-39-5(2) (Supp. 2014) states:

> A motion for relief under this article shall be made within three (3) years after
> the time in which the petitioner's direct appeal is ruled upon by the Supreme
> Court of Mississippi or, in case no appeal is taken, within three (3) years after
> the time for taking an appeal from the judgment of conviction or sentence has
> expired, or in case of a guilty plea, within three (3) years after entry of the

3

judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:

(a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

It is clear that the current PCR motion filed by Duncan is time-barred by more than fifteen years. As noted in *Duncan,* 28 So. 3d at 666 (¶5), "this is well after his twelve-year sentence had been served." As such, even if an error was found regarding his habitual-offender status, we could not cure the defect since the sentence Duncan complains of is technically over. Furthermore, Duncan does not state that an exception applies, nor can we find one.

¶10.    Mississippi Code Annotated section 99-39-23(6) (Supp. 2014) states:

The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. **It shall be a bar to a second or successive motion under this article.** Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the convict's

4

supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.

(Emphasis added). This PCR motion is also barred as a successive writ. Duncan has not articulated and fails to show any statutorily recognized exception that applies. This issue is without merit.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY**.

    **LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**