# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01043-COA

**ROBERT J. FRANKLIN A/K/A ROBERT JASON FRANKLIN A/K/A ROBERT FRANKLIN**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/05/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT J. FRANKLIN (PRO SE) |
| ATTORNEY FOR APPELLEE: | ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/11/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must decide whether the Circuit Court of Rankin County erred in dismissing Robert Franklin's motion for postconviction collateral relief (PCR) as time-barred.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 5, 2011, Franklin signed a waiver of his right to request the recusal of the circuit-court judge and pleaded guilty to one count of domestic aggravated assault. He was convicted and sentenced to fifteen years, with twelve years suspended, in the custody of the Mississippi Department of Corrections (MDOC), and five years of supervised probation.

Franklin was also ordered to pay costs, fees, and assessments of $413.

¶3. On January 14, 2013, Franklin was convicted of second-degree arson and was found to have failed to pay court costs and MDOC fees. As a result, in August 2013, Franklin's probation was revoked and suspension of his sentence for domestic aggravated assault was terminated.

¶4. On April 17, 2015, Franklin filed a PCR motion for his domestic-aggravated-assault conviction, raising several issues: (1) judicial conflict of interest, (2) involuntary plea, (3) right to confront witnesses, (4) improper indictment, and (5) ineffective assistance of counsel. The circuit court dismissed Franklin's PCR motion as time-barred. Franklin appeals, asserting his PCR motion was not time-barred and reasserting his judicial-conflict-of-interest claim.

## DISCUSSION

### I. Statutory Time-Bar

¶5. "Under Mississippi Code Annotated section 99-39-5(2) [(Rev. 2015)], a movant has three years to file a PCR motion, and failure to file a PCR motion within the three years is a procedural bar." *Blount v. State*, 126 So. 3d 927, 930-31 (¶12) (Miss. Ct. App. 2013) (citation omitted). Here, Franklin's challenge to the July 5, 2011 domestic-aggravated-assault sentence was not filed until April 17, 2015—three years and nine months after the sentence was imposed. Thus, Franklin's PCR motion was barred.

¶6. Franklin claims his PCR motion was filed within three years of August 14, 2013. However, that was the date that the circuit-court judge signed the order revoking Franklin's

2

probation and terminating the suspension of his sentence. Section 99-39-5(2)(b) excepts from the time-bar cases in which the movant can demonstrate that his probation was illegally revoked. But Franklin failed to assert this in his brief.

## II. Other Exceptions

¶7. This Court may notice errors raised in a PCR motion that affect fundamental rights. But the "mere assertion of a constitutional right violation does not trigger the exception." *Ratcliff v. State*, 126 So. 3d 118, 120 (¶7) (Miss. Ct. App. 2013) (citation and internal quotations omitted). To the extent Franklin seeks to circumvent the time-bar based on his claim of a judicial conflict of interest, we find his claim is not viable. *See id.* Thus, his PCR motion remains time-barred. *See id.* Still, we briefly touch on Franklin's substantive argument.

¶8. Franklin claims it was improper for Judge John Emfinger to convict and sentence him since Judge Emfinger was employed as an assistant district attorney when Franklin was indicted. However, during the guilty-plea hearing, Judge Emfinger stated:

> All right, Mr. Franklin. This indictment was returned in June of 2010. That was a time when I was employed with the DA's Office in Rankin and Madison County.
>
> I don't recall anything about your case, but you have previously signed and again today signed a waiver indicating that you wish to waive any conflict that I might have in this case and proceed with me as circuit judge. Is that correct?

Franklin replied, "Yes, sir." Then Judge Emfinger executed the waiver of Franklin's right to request recusal, which provided in part:

> NOW, THEREFORE, having been fully advised of my right to request that Judge John H. Emfinger be disqualified from presiding over my case and after

consulting with my attorney concerning this disqualification, I hereby freely and voluntarily waive my right to request that Judge Emfinger be disqualified or that he recuse himself in this matter. I have no objection to Judge Emfinger presiding over my case as Circuit Court Judge.

¶9. We find the conflict of interest was waivable and was expressly waived by Franklin.

*Id.* at 121 (¶13). Because this claim is time-barred with no exception available, we affirm.

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**