# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01410-COA

**CASEY CARTER**                                                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                            **APPELLEE**

DATE OF JUDGMENT:                09/04/2015
TRIAL JUDGE:                     HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:       MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          CASEY CARTER (PRO SE)
ATTORNEYS FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                 BY: LADONNA C. HOLLAND
                                     JASON L. DAVIS
NATURE OF THE CASE:              CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:         POSTCONVICTION-RELIEF PETITION
                                 DISMISSED
DISPOSITION:                     AFFIRMED - 11/08/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. This appeal arises from the Madison County Circuit Court's dismissal of Casey Carter's petition for postconviction relief (PCR), challenging his 2006 conviction for forcible rape. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. A grand jury indicted Carter for forcible rape as a habitual offender on March 17, 2003. Carter, represented by counsel, entered a guilty plea in the circuit court on February 2, 2006. On February 7, 2006, the circuit court sentenced Carter to a term of forty-nine years

in the custody of the Mississippi Department of Corrections.

¶3.     On July 23, 2015, Carter filed a petition to vacate his conviction. Treating the petition to vacate as a PCR petition, the circuit court entered an order of dismissal on September 4, 2015. As detailed in the order, Carter has filed five previous PCR petitions, all of which the circuit court has either denied or dismissed. In its order, the circuit court noted that Carter does not appear to have appealed any of the previous petitions. Carter has now appealed the circuit court's latest order of dismissal.

¶4.     We agree with the circuit court and find Carter's petition to be procedurally barred.

## STANDARD OF REVIEW

¶5.     We will only reverse the dismissal or denial of a PCR petition where the circuit court's decision is clearly erroneous, but we review questions of law under a de novo standard. *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009).

## DISCUSSION

¶6.     The circuit court properly dismissed Carter's PCR petition as procedurally barred. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides that a PCR petition "shall be made . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction." This section excepts a petitioner from the three-year bar if he can show that any statutory exception applies. *Id*. § 99-39-5(2)(a)-(b) (exceptions include: an intervening decision, additionally discovered evidence, grounds for additional DNA testing, and a claim of an expired sentence). Further, section 99-39-23 imposes a successive-writ bar. *Id*. § 99-39-23(6) ("[A]ny order dismissing the petitioner's motion or otherwise denying relief under

2

this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."). The same exceptions to the time-bar apply to the successive-writ bar. *Id.*

¶7. Errors affecting fundamental rights are also excepted from procedural bars. *Salter v. State*, 184 So. 3d 944, 950 (¶19) (Miss. Ct. App. 2015). Only four fundamental-rights exceptions "have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Id.* at (¶22).

¶8. Carter's petition is time-barred and barred as a successive writ. Carter pled guilty, and the circuit court sentenced him on February 7, 2006. His current PCR petition was filed on July 1, 2015, nine years after the circuit court's judgment against him. It is therefore time-barred. Carter's petition is also barred as a successive writ. This is Carter's sixth PCR petition. The record does not reflect and Carter does not claim that he appealed any of his previously denied or dismissed petitions. Thus, under section 99-39-23(6), the circuit court's denial of Carter's first PCR petition is a final judgment, barring Carter's current petition. Moreover, Carter has not alleged any facts that would demonstrate that his petition should be allowed under the fundamental-rights exception. The circuit court correctly found Carter's petition barred.

**CONCLUSION**

¶9. Because Carter's petition is time-barred and barred as a successive writ, we affirm.

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE PETITION FOR POSTCONVICTION RELIEF IS AFFIRMED.**

3

**ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**