# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00354-COA

**WENDELL DUNCAN A/K/A WENDELL AVERY DUNCAN**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                            **APPELLEE**

DATE OF JUDGMENT:            12/14/2015
TRIAL JUDGE:                 HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:   WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      WENDELL DUNCAN (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: KAYLYN HAVRILLA MCCLINTON
NATURE OF THE CASE:          CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 08/15/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Wendell Duncan appeals the dismissal of his fifth motion for postconviction relief (PCR) by the Washington County Circuit Court. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1994, Duncan was convicted of conspiracy to commit burglary of a business and burglary of a business. He was sentenced as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2007) to serve five years for the conspiracy conviction and seven years for the burglary conviction in the custody of the Mississippi Department of Corrections (MDOC). The sentences were ordered to run consecutively for a total of twelve

years.

¶3. In 1995, Duncan was convicted of armed robbery. Duncan was indicted as a habitual offender for two prior convictions—shooting into an occupied dwelling and aggravated assault. However, he was not sentenced as a habitual offender for the armed-robbery conviction because the circuit judge found that the State failed to prove Duncan's habitual-offender status. Instead, Duncan was sentenced as a nonhabitual offender to thirty years in the custody of the MDOC, with the sentence ordered to run consecutively to the previously imposed sentence as a habitual offender of twelve years for the burglary and conspiracy convictions.

¶4. Duncan filed his first PCR motion in 1996, which was dismissed by the circuit court. The Mississippi Supreme Court affirmed the circuit court's judgment in 1998 in an unpublished opinion in docket number 96-CA-01017-SCT. In 2005, Duncan filed numerous motions and other documents in both the circuit court and the supreme court. The motions were denied, and Duncan was sanctioned by the supreme court for frivolous filings and barred from filing any further documents until he had paid the sanctions. In 2008, Duncan filed a motion in the circuit court to vacate his convictions and sentences, which the circuit court treated as Duncan's second PCR motion and dismissed as time-barred and successive-writ barred. This Court affirmed the trial court's dismissal in *Duncan v. State*, 28 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2009).

¶5. In 2011, the supreme court denied Duncan's motion for leave to proceed in the circuit court, noting that Duncan had failed to file a direct appeal of his convictions and sentences.

2

Duncan filed a motion in the circuit court to correct his sentence, which the circuit court treated as Duncan's third PCR motion and dismissed as successive-writ barred. This Court affirmed the circuit court's dismissal in *Duncan v. State*, 100 So. 3d 996, 999 (¶13) (Miss. Ct. App. 2012). Duncan filed a fourth PCR motion, which was again dismissed by the circuit court. This Court again affirmed the circuit court's dismissal in *Duncan v. State*, 170 So. 3d 579, 582 (¶11) (Miss. Ct. App. 2014), finding that the PCR motion was both time-barred and successive-writ barred.

¶6. In November 2015, Duncan filed a fifth PCR motion in the circuit court, alleging an illegal sentence and ineffective assistance of counsel for the conspiracy and burglary convictions. The motion was dismissed as both time-barred and successive-writ barred. Duncan now appeals the dismissal of his fifth PCR motion.

**STANDARD OF REVIEW**

¶7. The circuit court's dismissal of a PCR motion will not be reversed unless the appellate court finds the circuit court's decision was clearly erroneous. *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016). We review issues of law, however, under a de novo standard. *Id*. "Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) states: 'If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.'" *Stokes*, 199 So. 3d at 748 (¶7). "This Court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right."

3

*Dickens v. State*, 119 So. 3d 1141, 1143-44 (¶6) (Miss. Ct. App. 2013) (citation and internal quotation marks omitted).

## DISCUSSION

¶8.     Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides a movant with three years to file a PCR motion, and failure to do so within the three years is a procedural bar. *Franklin v. State*, 203 So. 3d 9, 10 (¶5) (Miss. Ct. App. 2016) (citing *Blount v. State*, 126 So. 3d 927, 930-31 (¶12) (Miss. Ct. App. 2013)); *see also* Miss. Code Ann. § 99-39-5(2) (Rev. 2015).   In the instant case, Duncan's PCR motion was filed on November 17, 2015—nearly twenty-one years after his conviction on November 30, 1994. Because Duncan filed his PCR motion more than three years after the entry of his judgment of conviction, his motion is time-barred.

¶9.     In addition to the time bar, "[u]nder the UPCCRA, any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion." *Stokes,* 199 So. 3d at 749 (¶9) (citing Miss. Code Ann. § 99-39-23(6) (Rev. 2015)).  This is Duncan's fifth PCR motion, and as such, it is barred as a successive writ.

¶10.    As Duncan correctly asserts, errors that violate a fundamental constitutional right are excepted from the procedural bars. *Carter v. State*, 203 So. 3d 730, 731 (¶7) (Miss. Ct. App. 2016).  The right to be free from an illegal sentence has specifically been held as one of the fundamental-rights exceptions to the procedural bars.  *Id*.  However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015) (quoting *Means v. State*, 43 So. 3d 438, 442

(¶12) (Miss. 2010)).  Rather, "[t]here must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id*.

¶11.    In the instant case, Duncan asserts that his PCR motion is excepted from the procedural bars, arguing that he served an illegal sentence for the burglary and conspiracy convictions in violation of his fundamental constitutional rights.  However, Duncan fails to go beyond "merely asserting" that his sentence was illegal and thus violated his fundamental constitutional rights.  As this Court stated in *Duncan*, 170 So. 3d at 581 (¶9), "the sentence Duncan complains of is technically over," as Duncan completed serving it approximately ten years ago.  Thus, even assuming arguendo that his claim is excepted from the procedural bars, the alleged defect could not be remedied, as the sentence he seeks relief from is over. Nevertheless, Duncan has not made a showing sufficient to implicate the fundamental-rights exception to the procedural bars.  As such, this fifth PCR motion is time-barred and successive-writ barred.

¶12.    Duncan's PCR motion also alleges ineffective assistance of counsel.  "The Mississippi Supreme Court has consistently held that the UPCCRA's procedural bars apply to PCR claims based on ineffective assistance of counsel." *Stokes*, 199 So. 3d at 749 (¶12) (citation omitted).  As such, Duncan's PCR claim of ineffective assistance is also time-barred and successive-writ barred.

¶13.    **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**