# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00931-COA

JEROME VAN JR. A/K/A JEROME VAN                    APPELLANT

v.

STATE OF MISSISSIPPI                               APPELLEE

DATE OF JUDGMENT:            05/31/2017
TRIAL JUDGE:                 HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:   MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      JEROME VAN JR. (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 10/23/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    The Madison County Circuit Court dismissed Jerome Van's third motion for post-conviction relief (PCR). Van appeals. He asserts that: (1) he received ineffective assistance of counsel; and (2) his fundamental right to be free from an unlawful sentence was violated. We affirm the circuit court's order and find the PCR motion was properly dismissed.

## FACTS AND PROCEDURAL HISTORY

¶2.    A grand jury indicted Van for armed carjacking, armed robbery, kidnapping, felony evasion, possession of a stolen firearm, and conspiracy to commit armed robbery. Van avoided jury trial and pled guilty to armed carjacking, armed robbery, and kidnapping. The Madison County Circuit Court sentenced him to concurrent terms of thirty years for armed

carjacking, fifty years with twenty suspended for armed robbery, and thirty years for kidnapping in the custody of the Mississippi Department of Corrections. The judgment of conviction was entered in August 2012.

¶3.   Van began his successive PCR motions shortly after. He filed his first in October 2013. The circuit court denied it. He filed his second in September 2015. Again, the circuit court denied it. This is his third, which he filed in April 2017. The circuit court dismissed this PCR as well. In his appeal, Van claims that procedural bars do not apply because: (1) he received ineffective assistance of counsel; and (2) his fundamental right to be free from an unlawful sentence has been violated. We affirm the circuit court's dismissal of Van's PCR.

## STANDARD OF REVIEW

¶4.   We reverse PCR dismissals only if we find the decision "clearly erroneous." *Duncan v. State*, 226 So. 3d 127, 129 (¶7) (Miss. Ct. App. 2017), *cert. dismissed*, 246 So. 3d 68 (Miss. 2018). But when the appellant raises issues of law, we review those issues de novo. *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016), *reh'g denied* (Sept. 13, 2016). The Mississippi Code states that "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). "This Court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Stokes*, 199 So. 3d at 748 (¶7) (quoting *Dickens v. State*, 119 So. 3d 1141, 1143-44 (¶6) (Miss. Ct. App. 2013)).

**DISCUSSION**

¶5.     Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA)—codified in title 99, chapter 39 of our State code—a PCR motion is timely only if filed within three years after entry of the judgment of conviction. *Smith v. State*, 118 So. 3d 180, 182 (¶7) (Miss. Ct. App. 2013) (citing *Watts v. State*, 97 So. 3d 722, 725 (¶7) (Miss. Ct. App. 2012)). The entry of the judgment of conviction was filed in August 2012. Nearly five years later, Van filed this third PCR motion in April 2017. Therefore, this PCR motion is time barred.

¶6.     Additionally, the UPCCRA bars successive PCR motions after a court denied or dismissed a PCR motion. *Duncan*, 226 So. 3d at 129 (¶9). Van filed PCR motions twice before, each of which was denied. Therefore, this PCR motion is successive-writ barred.

¶7.     But Van's PCR motion contains both an ineffective-assistance-of-counsel claim and a fundamental-right claim, each of which can overcome procedural bars. Therefore, we address both of those claims below.

**I.     Can Van's ineffective-assistance-of-counsel claim overcome procedural bars?**

¶8.     Van asserts that because his attorney did not object to a fatally defective indictment or advise him that the victim's name is an essential element for an indictment, he received ineffective assistance of counsel.

¶9.     "The Mississippi Supreme Court has consistently held that the UPCCRA's procedural bars apply to [PCR] claims based on ineffective assistance of counsel." *Stokes*, 199 So. 3d at 749 (¶12). And although our supreme court has also determined that due-process violations are excepted from PCR procedural bars, *Chapman v. State*, 167 So. 3d 1170, 1174 (¶13)

3

(Miss. 2015), the record indicates that Van's ineffective-assistance-of-counsel claim does not meet that exception: specifically, in his "Petition to Enter Guilty Plea," Van indicates satisfaction with his attorney and notes that he fully discussed the charges with her. We place great weight on this. *Baldwin v. State*, 923 So. 2d 218, 222 (¶11) (Miss. Ct. App. 2005).

¶10. Furthermore, during the plea hearing, Van indicated that he was satisfied with his attorney and did not wish to make any complaints against her. He acknowledged his participation in the armed carjacking, armed robbery, and kidnapping. "Where a defendant does not question his guilt, nor does he suggest any impairment to any defense which might have been available to him, this Court has declined to hold that such defendant received ineffective assistance of counsel." *Id.* at (¶13) (quoting *Sutton v. State*, 873 So. 2d 120, 124 (¶19) (Miss. Ct. App. 2004)). This claim is without merit.

## II. Can Van's fundamental-right claim overcome procedural bars?

¶11. Van claims that procedural bars should not apply because his fundamental right to be free from an unlawful sentence has been violated. Van is correct in his assertion that fundamental-right violations overcome procedural bars. *Carter v. State*, 203 So. 3d 730, 731 (¶7) (Miss. Ct. App. 2016). He is also correct that freedom from an unlawful sentence is a fundamental right. *Id.* But a mere assertion of a fundamental-right violation does not by itself overcome procedural bars. *Duncan*, 226 So. 3d at 129 (¶10). Instead, "there must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id.* (quoting *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015)). Van merely asserts the violation without making a sufficient showing to implicate the fundamental-right exception.

4

Finally, the Circuit Court properly sentenced him under Mississippi Code Annotated sections 97-3-117 (Rev. 2014), 97-3-79 (Rev. 2014), and 97-3-53 (Rev. 2014). This argument, too, is without merit.

## CONCLUSION

¶12.    Neither Van's ineffective-assistance-of-counsel argument nor his fundamental-right argument in his PCR motion overcome the procedural bars imposed under the UPCCRA. His PCR motion is time barred and successive-writ barred. We affirm the circuit court's dismissal of this PCR motion.

¶13.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**